1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRUCE CHARLES DAVIS,

11            Plaintiff,               No. CIV S-05-2394 LKK DAD P

12       vs.

13   NANCY COCHRANE, et al.,           ORDER AND

14            Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a breach of contract action

17   seeking relief under 42 U.S.C. §§ 1981 and 1983.  This proceeding was referred to the

18   undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

19            By order filed December 16, 2005, plaintiff was granted thirty days to pay the

20   filing fee or submit an application to proceed in forma pauperis.  On January 9, 2006, plaintiff

21   filed an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915.

22            The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

24   § 1915A(a).  Pursuant to the screening requirement, the court must dismiss claims that are legally

25   frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and

26   claims that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

1

§ 1915A(b)(1) and (2).  Similarly, when a plaintiff is proceeding in forma pauperis, the court is required to dismiss the case if the court determines at any time that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff has brought this action pursuant to 42 U.S.C. §§ 1981 and 1983.  Section 1981 provides as follows:

(a)  Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other.

1

    (b)  "Make and enforce contracts" defined

2

    For purposes of this section, the term "make and enforce contracts"
includes the making, performance, modification, and termination

3

of contracts, and the enjoyment of all benefits, privileges, terms,
and conditions of the contractual relationship.

4

    (c) Protection against impairment

5

    The rights protected by this section are protected against

6

impairment by nongovernmental discrimination and impairment
under color of State law.

7

8   42 U.S.C. § 1981.

9

    Section 1983 provides as follows:

10

    Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States or other person

11

within the jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws,

12

shall be liable to the party injured in an action at law, suit in equity,
or other proper proceeding for redress . . . .

13

14  42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of each

15  defendant and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

16  Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

17      In the present case, plaintiff has sued Nancy Cochrane, a deputy district attorney,

18  and Jan Scully, Sacramento County District Attorney.  Plaintiff alleges as follows:  he entered

19  into plea agreements with the Sacramento County District Attorney's Office in 1990 and in 1993;

20  in 1990, with the assistance of appointed counsel, plaintiff agreed to plead guilty to three counts

21  of second degree robbery in return for a promise of a 2 to 5 year sentence, with 5 years to be

22  added to the 2 to 5 years if he ever came back to court on the same type of crime; in 1993, with

23  the assistance of appointed counsel, plaintiff agreed to plead guilty to two counts of second

24  degree robbery and one count of receiving stolen property in return for a promise of a 2 to 5 year

25  sentence, with 5 years to be added to the 2 to 5 years if he ever came back to court on the same

26  type of crime; in 1998, plaintiff was charged with second degree robbery and an allegation of

3

1   having suffered five prior serious felony convictions; a jury found plaintiff guilty of the robbery

2   charge and, after a separate trial, found that the prior felony allegations were true; plaintiff

3   received a sentence of 50 years plus ten years to life in prison.

4          Plaintiff claims that the 1998 judgment was imposed in violation of his federal

5   constitutional rights under article I, § 10[1] and the Fifth, Sixth, and Fourteenth Amendments.

6   Plaintiff alleges no facts against the two named defendants but argues that both of them violated

7   the terms and conditions of plaintiff's plea agreements in 1990 and 1993 by increasing the term

8   to be imposed for enhancement purposes.  Plaintiff alleges that he was not advised by the district

9   attorney or the presiding judge in 1990 or 1993 that pleading guilty to second degree robbery

10  could result in a doubling of his sentence or even life imprisonment for future offenses.  Plaintiff

11  describes the 1998 sentence as a breach of contract based on a change of terms and failure to act

12  in accordance with his plea agreements.  Plaintiff asserts that his "only reason for pleading guilty

13  to the prior charges, is due to the main statement of; If petitioner return on the same type of crime

14  he could only face additional 5 years added on to the 2-5 years."  (Compl. at 5.)

15         By way of relief, plaintiff seeks a declaration that a breach of contract occurred

16  pursuant to the acts, policies, and practices of the defendants in violation of plaintiff's

17  constitutional rights.  Plaintiff also seeks an order voiding the 1990 and 1993 plea agreements or

18  an order requiring specific performance of those agreements.  (Id.)

19         Plaintiff seeks to reduce the sentence imposed on him in 1998, either by voiding

20  the 1990 and 1993 plea agreements and thereby eliminating the five felony priors used to

21  enhance his sentence, or by requiring that his 1998 sentence be computed without applying any

22  enhancements except the additional five years contemplated by the plea agreements.

23         The court finds that plaintiff is seeking relief that will entitle him to an earlier

24  release from prison. When a state prisoner challenges the legality of his custody and the relief he

25  ───────────────────

26       [1] Section 10 of Article 1 provides in part that no state shall pass any law "impairing the Obligation of Contracts."

4

1  seeks is the determination of his entitlement to an earlier or immediate release, his sole federal

2  remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Because

3  plaintiff seeks to reduce his 1998 sentence, he must seek relief in habeas proceedings rather than

4  in a civil rights action.

5          The court's records reveal that plaintiff has filed a federal habeas petition

6  challenging his 1998 conviction.[2]  See Davis v. Butler, case No. CIV S-03-0426 GEB GGH P.

7  Counsel was appointed for plaintiff.  The amended petition filed by counsel did not challenge the

8  sentence imposed in 1993.  (See Findings and Recommendations filed in case No. CIV S-03-

9  0426 on June 20, 2005, at 1.)  The magistrate judge's findings and recommendations were

10  adopted in full, and the petition for writ of habeas corpus was denied on August 22, 2005.  The

11  case is currently on appeal.

12          If plaintiff were to file a new habeas petition attacking his sentence on the grounds

13  alleged in this civil rights action, the petition would be a second or successive application.  A

14  claim presented in a second or successive petition that was not presented in a prior petition must

15  be dismissed, unless

16          (A) the applicant shows that the claim relies on a new rule of
            constitutional law, made retroactive to cases on collateral review
17          by the Supreme Court, that was previously unavailable; or

18          (B)(i) the factual predicate for the claim could not have been
            discovered previously through the exercise of due diligence; and
19

20          (ii) the facts underlying the claim, if proven and viewed in light
            of the evidence as a whole, would be sufficient to establish by clear
            and convincing evidence that, but for constitutional error, no
21          reasonable factfinder would have found the applicant guilty of the
            underlying offense.
22

23  28 U.S.C. § 2244(b)(2).  It does not appear that plaintiff's claims make the showing described in

24  § 2244(b)(2)(A) or (B).  Moreover, even a second or successive application that makes the

25  _____

26          [2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
    803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

5

1    required showing under § 2244(b)(2) cannot be filed in the district court until the applicant

2    obtains an order from the court of appeals authorizing the district court to consider the

3    application. 28 U.S.C. § 2244(b)(3)(A).

4               Due to the habeas nature of plaintiff's claims, the court finds that plaintiff cannot

5    amend his civil rights complaint to state a claim upon which relief may be granted under 42

6    U.S.C. § 1981 or § 1983.[3]  The action should be dismissed without granting leave to file an

7    amended complaint.  See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

8               Plaintiff has filed several documents concerning his attempts to obtain discovery

9    from the defendants.  Plaintiff's efforts to conduct discovery were premature, and all documents

10    of a discovery nature will be disregarded.

11              Accordingly, IT IS ORDERED that plaintiff's documents filed March 3, 2006

12    (docketed as #8), June 23, 2006 (docketed at #9), and July 12, 2006 (docketed as #10) will be

13    disregarded; and

14              IT IS RECOMMENDED that:

15          1.  Plaintiff's January 9, 2006 application to proceed in forma pauperis be denied;

16    and

---

18       [3] Plaintiff's claims also appear to lack merit.  Plea bargains are subject to the general
19    principles of contract by way of analogy in order to support either specific performance or
vacation of a plea as a remedy for breach of a plea agreement.  See Santobello v. New York, 404
U.S. 257, 262-63 (1971); People v. McClellan, 6 Cal. 4th 367, 379-81, 24 Cal. Rptr. 739, 862
20    P.2d 739 (1993).  Plaintiff has not alleged facts showing that his plea agreements included
promises by the prosecutor that the convictions could not be used as a basis for an enhancement
21    allegation in future criminal proceedings.  See United States v. Brownlie, 915 F.2d 527, 528 (9th
Cir. 1990) (a defendant pleading guilty need not be advised by the court of the possibility of a
22    future sentence enhancement based on the plea); Torrey v. Estelle, 842 F.2d 234, 235-36 (9th Cir.
1988) (the possibility of future enhancements is a collateral consequence of a plea and the
23    criminal defendant has no right to be advised about such consequences on entering a guilty plea);
Davis v. Castro, No. C99-4351 WHA (PR), 2003 WL 1129882, at *3-4 & n.1 (N.D. Cal. Mar. 3,
24    2003) (rejecting state habeas petitioner's challenge to application of California's three-strikes
provisions where the state court taking his guilty pleas had warned him of a possible five-year
25    enhancement in the future based on existing law but did not promise that state law would not
change or, if it did change, would not be enforced against the petitioner).  Sentences imposed
26    under three-strikes provisions are not additional punishment for prior convictions but rather a
stiffened penalty for the latest crime.  Monge v. California, 524 U.S. 721, 728 (1998).

1    2.  This action be dismissed for failure to state a claim upon which relief may be

2 granted pursuant to 42 U.S.C. §§ 1981 and 1983.

3        These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5 days after being served with these findings and recommendations, plaintiff may file written

6 objections with the court.  A document containing objections should be titled "Objections to

7 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

8 objections within the specified time may, under certain circumstances, waive the right to appeal

9 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10 DATED: November 9, 2006.

12 _____

13 DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

14 DAD:13
davi2394.56

7